AO 242 (Rev. 09/17)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

# UNITED STATES DISTRICT COURT

### for the

DONTRAE THOMAS
*Petitioner*

v.

KATHY LANE – WARDEN FCI COLEMAN LOW
*Respondent*
*(name of warden or authorized person having custody of petitioner)*

)
)
)
)
)
)
)
)
)
)

Case No.   S: 21-CV-580-JLB-PRL
*(Supplied by Clerk of Court)*

FILED

2021 NOV 29  PM 2: 02

## PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

### Personal Information

1.   (a) Your full name:  Dontrae M. Thomas
     (b) Other names you have used:  n/a
2.   Place of confinement:
     (a) Name of institution:  FCI Coleman Low
     (b) Address:  P. O. Box 1031
                   Coleman, FL  33521-1031
     (c) Your identification number:  14420-033
3.   Are you currently being held on orders by:
     ☒ Federal authorities      ☐ State authorities      ☐ Other - explain:

4.   Are you currently:

     ☐ A pretrial detainee (waiting for trial on criminal charges)
     ☒ Serving a sentence (incarceration, parole, probation, etc.) after having been convicted of a crime
     If you are currently serving a sentence, provide:
         (a) Name and location of court that sentenced you:  U.S. District Court for the
         Western District of Kentucky
         (b) Docket number of criminal case:  3:12-cr-119-1-BJB-CHL
         (c) Date of sentencing:  Unrecalled
     ☐ Being held on an immigration charge
     ☐ Other *(explain)*:

### Decision or Action You Are Challenging

5.   What are you challenging in this petition:
     ☐ How your sentence is being carried out, calculated, or credited by prison or parole authorities (for example, revocation or calculation of good time credits)

THOMAS, DONTRAE 14420033

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

❏ Pretrial detention

❏ Immigration detention

❏ Detainer

❏ The validity of your conviction or sentence as imposed (for example, sentence beyond the statutory maximum or improperly calculated under the sentencing guidelines)

☒ Disciplinary proceedings

❏ Other *(explain)*:

_____

6.    Provide more information about the decision or action you are challenging:

    (a) Name and location of the agency or court:  Federal Bureau of Prisons

    (b) Docket number, case number, or opinion number:  1074825-A2

    (c) Decision or action you are challenging *(for disciplinary proceedings, specify the penalties imposed)*:

    Disciplinary proceedings in which Good Conduct Time was revoked (see attached for further detail)

    (d) Date of the decision or action:  Dec. 16, 2020

### Your Earlier Challenges of the Decision or Action

7.    **First appeal**

    Did you appeal the decision, file a grievance, or seek an administrative remedy?

    ☒ Yes        ❏ No

    (a) If "Yes," provide:

        (1) Name of the authority, agency, or court:  Federal Bureau of Prisons' Regional Office

        (2) Date of filing:  Dec. 29, 2020

        (3) Docket number, case number, or opinion number:  1074825-R1

        (4) Result:  Denied

        (5) Date of result:  Apr. 7, 2021

        (6) Issues raised:  Due Process Violations (see attached for further detail)

    (b) If you answered "No," explain why you did not appeal:

_____

8.    **Second appeal**

    After the first appeal, did you file a second appeal to a higher authority, agency, or court?

    ☒ Yes        ❏ No

THOMAS, DONTRAE 14420033

AO 242 (Rev. 09/17)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

    (a) If "Yes," provide:

        (1) Name of the authority, agency, or court: Federal Bureau of Prisons' Central Office

        (2) Date of filing: May 3, 2021 (resubmitted upon request on June 20, 2021)

        (3) Docket number, case number, or opinion number:      1074825-A2

        (4) Result:      Denied

        (5) Date of result:  Sept. 30, 2021

        (6) Issues raised:  Due Process Violations (see attached for more detail)

    (b) If you answered "No," explain why you did not file a second appeal:

9. **Third appeal**

    After the second appeal, did you file a third appeal to a higher authority, agency, or court?

    ❒ Yes           ☒ No

    (a) If "Yes," provide:

        (1) Name of the authority, agency, or court:

        (2) Date of filing:

        (3) Docket number, case number, or opinion number:

        (4) Result:

        (5) Date of result:

        (6) Issues raised:

    (b) If you answered "No," explain why you did not file a third appeal:

    There is no third appeal opportunity available (no appeal after BOP Central Office determination)

10. **Motion under 28 U.S.C. § 2255**

    In this petition, are you challenging the validity of your conviction or sentence as imposed?

    ❒ Yes           ☒ No

    If "Yes," answer the following:

    (a)    Have you already filed a motion under 28 U.S.C. § 2255 that challenged this conviction or sentence?

        ❒ Yes           ❒ No

THOMAS, DONTRAE 14420033

AO 242 (Rev. 09/17)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

If "Yes," provide:
(1) Name of court: _____
(2) Case number: _____
(3) Date of filing: _____
(4) Result: _____
(5) Date of result: _____
(6) Issues raised: _____

_____
_____
_____

(b) Have you ever filed a motion in a United States Court of Appeals under 28 U.S.C. § 2244(b)(3)(A), seeking permission to file a second or successive Section 2255 motion to challenge this conviction or sentence?

☐ Yes            ☐ No

If "Yes," provide:
(1) Name of court: _____
(2) Case number: _____
(3) Date of filing: _____
(4) Result: _____
(5) Date of result: _____
(6) Issues raised: _____

_____
_____
_____

(c) Explain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge your conviction or sentence: _____

_____
_____
_____

11. **Appeals of immigration proceedings**

Does this case concern immigration proceedings?

☐ Yes            ☒ No

If "Yes," provide:
(a) Date you were taken into immigration custody: _____
(b) Date of the removal or reinstatement order: _____
(c) Did you file an appeal with the Board of Immigration Appeals?

☐ Yes            ☐ No

THOMAS, DONTRAE 14420033

AO 242 (Rev. 09/17)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

If "Yes," provide:

(1)  Date of filing:
(2)  Case number:
(3)  Result:
(4)  Date of result:
(5)  Issues raised:

(d)  Did you appeal the decision to the United States Court of Appeals?

☐ Yes          ☐ No

If "Yes," provide:

(1)  Name of court:
(2)  Date of filing:
(3)  Case number:
(4)  Result:
(5)  Date of result:
(6)  Issues raised:

12.  **Other appeals**

Other than the appeals you listed above, have you filed any other petition, application, or motion about the issues raised in this petition?

☐ Yes          ☑ No

If "Yes," provide:

(a)  Kind of petition, motion, or application:
(b)  Name of the authority, agency, or court:

(c)  Date of filing:
(d)  Docket number, case number, or opinion number:

(e)  Result:
(f)  Date of result:
(g)  Issues raised:

THOMAS, DONTRAE  14420033

AO 242 (Rev. 09/17)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Grounds for Your Challenge in This Petition

13.    State every ground (reason) that supports your claim that you are being held in violation of the Constitution, laws, or treaties of the United States.  Attach additional pages if you have more than four grounds.  State the facts supporting each ground.  Any legal arguments must be submitted in a separate memorandum.

**GROUND ONE:** Due Process rights were violated by misapplication of the concept of "constructive possession"; an investigating officer was never assigned; non-existent evidence was cited as a basis for the determination; and Petitioner was denied access to and presentation of exculpatory evidence

(a)  Supporting facts *(Be brief.  Do not cite cases or law.)*:

See attached memorandum of law for full description of supporting facts and legal argument(s)

(b)  Did you present Ground One in all appeals that were available to you?

☒ Yes            ☐ No

**GROUND TWO:** _____

(a)  Supporting facts *(Be brief.  Do not cite cases or law.)*:

(b)  Did you present Ground Two in all appeals that were available to you?

☐ Yes            ☐ No

**GROUND THREE:** _____

(a)  Supporting facts *(Be brief.  Do not cite cases or law.)*:

(b)  Did you present Ground Three in all appeals that were available to you?

☐ Yes            ☐ No

THOMAS, DONTRAE  14420033

AO 242 (Rev. 09/17)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

**GROUND FOUR:**

(a)  Supporting facts *(Be brief. Do not cite cases or law.)*:

(b)  Did you present Ground Four in all appeals that were available to you?

❏ Yes             ❏ No

14.    If there are any grounds that you did not present in all appeals that were available to you, explain why you did not:    No.

## Request for Relief

15. State exactly what you want the court to do:    Vacatur and expungement of the disciplinary action, and restoration of the disallowed Good Conduct Time

THOMAS, DONTRAE 14420033

Page 8 of 9

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Declaration Under Penalty Of Perjury

If you are incarcerated, on what date did you place this petition in the prison mail system: 11/21/2021

I declare under penalty of perjury that I am the petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct. I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

Date: 11/21/2021

_Signature of Petitioner_

_Signature of Attorney or other authorized person, if any_

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

CASE NO. _____

DONTRAE THOMAS,
    Petitioner,

v.

KATHY LANE - WARDEN FCI
COLEMAN LOW,
_____Respondent._____/

PETITIONER'S MEMORANDUM OF LAW IN SUPPORT OF
HIS PETITION FOR A WRIT OF HABEAS CORPUS
UNDER 28 U.S.C. § 2241

Petitioner, DONTRAE THOMAS, pro se, hereby files his Memorandum of Law in Support of his Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241. As an unskilled layman of the law, Petitioner requests his petition and accompanying memorandum of law be construed liberally. Haines v. Kerner, 404 U.S. 519 (1972); Gomez-Diaz v. U.S., 433 F.3d 788 (11th Cir. 2005).

I. Background

This petition arises from action taken by the Federal Bureau of Prisons ("FBOP") against Petitioner, a prisoner within FBOP custody. The incident giving rise to the petition occurred on September 29, 2020. According to FBOP, on that date, at approximately 2:00pm, an officer conducted a search of Petitioner's assigned cubicle. ⌊See Exhibit A, Sec. 11.⌋ He located a cellular phone "inside of the wooden clothing rack." ⌊Id.⌋ The officer further stated that Petitioner was "the only inmate assigned" to that cubicle. ⌊Id.⌋ In response, FBOP documented that Petitioner denied any knowledge, saying, "I don't know anything about it." ⌊Id., Sec. 17.⌋ FBOP did not document Petitioner's contention that the "clothing rack" was located outside of his assigned cubicle and was shared between cubicles. ⌊See, Exh. C, p. 2.⌋

The Unit Disciplinary Committee ("UDC") reached a determination to refer the matter to a Disciplinary Hearing Officer ("DHO"), ⌊Exh. B, Sec. 19⌋, and recommended, <u>inter alia</u>, the loss of Good Conduct Time ("GCT") upon a finding of guilt, ⌊Id., Sec. 20.⌋ It also noted that "photographic evidence" was considered. ⌊Id., Sec. 19.⌋ Finally, although it referred the matter to the DHO for consideration, the UDC also stated that "the committee finds that you did commit the prohibited act as charged." ⌊Id.⌋

On November 4, 2020, the DHO held a disciplinary hearing. ⌊<u>See</u> Exhibit B.⌋ In response to the allegations, Petitioner reported that a cell phone "cannot be in the area" in which it was found. ⌊Id., Sec. III(b).⌋ Petitioner reported he had "requested evidence" (specifically, a copy of any photographic evidence), "but it was denied." ⌊Id., Sec. V.⌋ In reaching its decision, the DHO considered the "Statement of Reporting staff member," the "reported statement from accused inmates," and, curiously, "<u>medical</u> photographs." ⌊Id., Sec. III(e)⌋(emphasis added). Ultimately, the DHO did <u>not</u> find Petitioner committed the charged conduct (code "108": "possession of a hazardous tool (cell phone)"), ⌊Exh. A, Secs. 9, 10; Exh. B, Sec. "Summary of Charges"⌋, but, instead, changed the charge and found Petitioner guilty of "199 most like 108." ⌊Exh. B, Secs. IV, V.⌋ As part of the sanction for this finding, the DHO revoked 41 days of GCT. ⌊Id., Sec. VI.⌋

Petitioner filed a timely appeal to the FBOP Regional Office from the DHO determination on December 29, 2020. ⌊<u>See</u> Exhibit C.⌋ Therein, he raised five (5) hearing violations as well as factual and evidentiary disputes. ⌊Id.⌋ Specifically, Petitioner requested the investigation report and photographic evidence be provided to his staff representative, a request FBOP refused despite its Program Statements, ⌊id.⌋; the UDC made an improper finding of "guilt" despite its referring the matter to the DHO, ⌊id., p. 2⌋; the DHO improperly

changed the charge to one which must be charged, not amended to, ⌊id.⌋; the DHO's decision was premised, in part, on "medical photographs" which did not exist, ⌊id.⌋; and policy violations regarding content of the incident report, ⌊id.⌋

Four months later, on April 7, 2021, the FBOP Regional Office's response, ⌊see Exhibit D⌋, only cursorily determined that "⌊t⌋he DHO adequately explained," and, thus, denied the appeal.    to you the specific evidence relied on to find you committed the prohibited act." It never directly addressed the five specific issues raised by Petitioner. ⌊See id., generally.⌋

That denial prompted Petitioner's timely appeal to the FBOP Central Office on May 3, 2021 (resubmitted on June 20, 2021). ⌊See Exhibit E.⌋ Therein, Petitioner contended that the Regional Office's determination wholly failed to consider and address the specific violations alleged. The Central Office's response, ⌊see Exhibit F⌋, correctly noted that Petitioner alleged "the DHO violated ⌊his⌋ Due Process rights by not providing your Staff Representative a copy of the investigative section of the incident report." ⌊Id.⌋ It misstated that he "further allege⌊d⌋ there was no exculpatory documentary evidence," ⌊id.⌋; he alleged he was not provided photographic documentation. The response fails to address any of the other alleged violations. ⌊See id., generally.⌋ The appeal was summarily denied. ⌊Id.⌋

Petitioner has now proceeded to seek redress in this Court via a request for issuance of a writ of habeas corpus.

II. Legal Standard

A. Court's Jurisdiction

This action is appropriately before this Court pursuant to Sandin v. Conner, 515 U.S. 472 (1995). The Supreme Court stated the "loss of gain time" (i.e., GCT) implicates the Due Process Clause as a person's actions have the effect of altering his term of imprisonment. Id., at 484; O'Bryant v. Finch, 687 F.3d 1207

-3-

(11th Cir. 2011).  Thus, an inmate charged with an offense that would deprive him of GCT is entitled to those minimum procedures appropriate and to insure his rights are not arbitrarily abrogated.  Wolfe v. McDonnell, 418 U.S. 539 (1974).  Petitioner understands, however, that a prison disciplinary hearing does not afford him the full panoply of due process rights for a criminal trial.  Id., at 558.

B.  Exhaustion of Administrative Remedies

Petitioner asserts he has exhausted his administrative remedies prior to bringing this action.  He timely filed each appeal available to him under FBOP's Program Statements, specifically to the Regional Office and to the Central Office (twice).

This petition, thus, properly follows.

C.  Standard for Adjudication of Claim

In cases where there is an actual loss of GCT as a result of disciplinary proceedings, federal courts will not review the sufficiency of the evidence at a disciplinary hearing; a finding of guilt requires only the support of some facts or any evidence to support the action taken by prison officials.  Superintendent Massachusetts Correctional Institute, Walpole v. Hill, 472 U.S. 445, 454 (1985).  To state differently, "the findings of the prison disciplinary board ⌊must be⌋ supported by some evidence in the record."  Id.  Thus, prison disciplinary proceedings are overturned where no evidence in the record supports the decision.  Broussard v. Johnson, 253 F.3d 874 (5th Cir. 2001).


III.  Legal Argument

The instant case arises from the alleged discovery of a cell phone inside a wooden clothing rack.  ⌊Exh. A, Sec. 11.⌋  Petitioner was the only inmate assigned to the cubicle.  ⌊Id.⌋  The incident report, however, never actual

-4-

states that the clothing rack was <u>inside</u> Petitioner's cubicle. [See id., generally.] The DHO apparently made this assumption -- rather than relying upon any actual evidence -- in reaching his determination, as demonstrated by the statement: the cell phone "was found inside the wooden clothing rack <u>inside</u> your [] cubicle." [Exh. B, Sec. V.]

Petitioner tried to contradict this assumption by (a) refuting that the cell phone and/or clothing rack were <u>in</u> his cubicle since it was actually located outside the cubicle in the corner shared between two adjacent cubicles and accessible to the entire housing unit and (b) requesting copies of the photographic evidence to demonstrate the location was not inside his cubicle. He was denied access to this exculpatory evidence.

The crux of this case rests upon (1) whether the cell phone was found in Petitioner's "possession" and (2) whether he was denied basic Due Process rights by the consideration of non-existent evidence coupled with denial of his access to exculpatory evidence.

A.  The Phone was not in Petitioner's Constructive Possession

The DHO assumed, based upon the incident report, that the clothing rack in which the cell phone was found was inside Petitioner's cubicle, not on Petitioner's person. There was no allegation -- nor could there be -- that Petitioner was in <u>actual</u> possession of the cell phone. Thus, Petitioner's guilt was predicated solely upon the application of "constructive possession."

A person has constructive possession of a prohibited item if he knowingly has ownership, dominion, or control over the contraband or over the premises in which the contraband is located. <u>U.S. v. Fambro</u>, 526 F.3d 836, 839 (5th Cir. 2008). Since no evidence was introduced establishing Petitioner's knowing ownership, dominion, or control over the cell phone itself and given the DHO's statement that his determination was based upon the contraband being located in

-5-

Petitioner's cubicle, it is obvious the DHO relied only upon the second prong: ownership, dominion, or control over the premises.

The error of that application to the case at bar is the vast quantity of inmates who have/had access to the location at which Petitioner contends the contraband was located. In the prison disciplinary context, constructive possession can provide "sufficient evidence of guilt" if only relatively few inmates have access to the area. Flannagan v. Tamez, 368 Fed. Appx. 586 (5th Cir. 2010). Examples of such "few inmates" include Flannagan (area shared only by six inmates); McClung v. Hollingsworth, 2007 U.S. App. LEXIS 9558, 2007 WL 1225946 (4th Cir. Apr. 26, 2007)(cell was exclusive domain of inmate and one cellmate); Santiago v. Nash, 224 Fed. Appx. 175 (3d Cir. 2007)("small number" of inmates potentially guilty); Hamilton v. O'Leary, 976 F.2d 341 (7th Cir. 1992)(two inmates had access). Conversely, constructive possession is not "some evidence of guilt" if more than a few inmates have access to the location. Examples of this insufficiency include Broussard (more than 100 inmates had access); Hamilton, at 345-46 (noting that, if inmate were one of thirty-two with access, constructive possession would be insufficient evidence).

In the case at bar, it is undisputed that Petitioner was housed in a "cubicle," not a cell with a closable/lockable door. Nothing prevents one inmate from entering another's cubicle. Inmates have movement throughout the facility 24-hours per day (mostly for access to communal facilities, such as restrooms).

The placement of the clothing rack, however, is disputed. This is a simple binary condition: either inside the cubicle or outside. It could not be both. The incident report is completely silent on this matter; it is only the DHO who assumed the rack was inside the cubicle. The photographic evidence Petitioner requested would have conclusively proven the point; he was denied access to this material. The DHO officer could have taken one minute to walk to the site of the

-6-

clothing rack and view it, thus making an informed decision based upon observational evidence; he did not do so. In short, there was no evidence upon which the DHO could have determined that the clothing rack was inside Petitioner's cubicle since this directly contradicted Petitioner's own testimony/assertion.

Moreover, even if the rack were located inside the cubicle, all of the other inmates in the housing unit had access to that location throughout the day. Petitioner was not housed in closed cell that is his "exclusive dominion." Under court precedent, "constructive possession" cannot underpin Petitioner's finding of guilt based upon the sheer number of inmates who had access to the location at which the contraband was found.

In the absence of any other evidence that Petitioner knowingly possessed the cell phone -- such as his family members' phone numbers in the phone memory -- and FBOP's misapplication of constructive possession, there is no evidence in the record to support a finding of guilt, and Petitioner requests the decision of the disciplinary proceeding be overturned.

B.  FBOP Failed to Assign an Investigator

Under FBOP Program Statement 5270.09, in conjunction with 28 C.F.R. §§ 541.5(b) and 541.8(b), an investigator other than the officer issuing the incident report or the DHO must be assigned to the incident. The purpose of these codes is to ensure that an inmate's Due Process rights are protected, specifically the opportunity to call witness and present documentary evidence. O'Bryant, at 1213. Per § 541.5(b), it is the investigating officer who must refer the case to the DHO.

In the case at bar, there is no indication in the record of the assignment of an investigator other than the officer issuing the incident report or that any investigating occurred. This was a vital misstep because it could have simply resolved the issue of the exculpatory photographic evidence and/or a direct

-7-

inspection of the location of the clothing rack.  Had FBOP complied with the CFRs and assigned an investigator, this evidence could have been established beyond any doubt.

Hence, the failure of FBOP to adhere to required regulations and its own Program Statement directly impacted and hindered Petitioner's Due Process rights, and Petitioner requests the disciplinary action be overturned.

C.  Medical Photographs?

This case involved the alleged discovery of a cell phone "inside a wooden clothing rack."  Nowhere in the incident report was a need for medical intervention documented.

The question then must be asked: what medical photographs were considered by the DHO in reaching his determination?  The answer is just as obvious: none.  None, since none existed.

If this is true -- and it is unfathomable how it could be false -- then the DHO made a determination based upon evidence that did not exist.  Such a determination flies in the fact of Petitioner's Due Process rights and should be overturned by this Court.

D.  Failure to Provide Documentary Evidence

Finally, Petitioner requested production of the photographic evidence actually taken by the officer which would have exculpated him.  The DHO even documented that Petitioner informed him that he had "requested evidence but it was denied." [Exh. B, at Sec. V.] Petitioner asserted this documentary evidence would have been relevant to the issue of the position of the clothing rack and whether he had sole dominion thereof.

It is clearly established that due process requires that an inmate be permitted to "present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals."  Wolff, 418 U.S. at 566.  An inmate's right to present documentary

-8-

evidence is undermined if prison officials can bar the inmate from presenting the evidence simply by denying Petitioner access to the material or denying the evidence is relevant to the proceedings. See Burns v. Pa. Dep't of Corr., 642 F.3d 163, 174 (3d Cir. 2010). Doing so, similar to the Burns situation, "turns the disciplinary proceeding into little more than the administrative equivalent of a 'show trial.'" Id. "A 'right' to present evidence is no right at all if the officer overseeing a disciplinary hearing can simply decide not to view the evidence ...." Id. Again, much as was done in Burns, it is troubling that a hearing officer relies entirely upon the statements of the reporting officer, rather than considering the actual location where the contraband was located. Again, just as was held in Burns, Petitioner's Due Process rights herein were violated because his right to present the exculpatory evidence was undermined by the hearing officer's failures, and the disciplinary action should be overturned.

IV. Conclusion

Wherefore, for the foregoing reasons, Petitioner, DONTRAE THOMAS, respectfully requests this Court grant his petition, issue the requested writ, expunge/overturn the disciplinary proceeding against him, and re-instate the 47 days GCT improperly revoked.

Respecfully Submitted,

11/21/21

Dontrae Thomas
#14420-033
FCI Coleman Low
P.O. Box 1031
Coleman, FL  33521-1031

U.S. DEPARTMENT OF JUSTICE                          FEDERAL BUREAU OF PRISONS

**Part I - Incident Report**

| 1. Institution: FPC MONTGOMERY | | Incident Report Number: | | |
|---|---|---|---|---|
| 2. Inmate's Name:<br><br>THOMAS, DONTRAE M | 3. Register Number:<br><br>14420-033 | 4. Date of Incident:<br><br>09/29/2020 | | 5. Time:<br><br>2:00 P.M |
| 6. Place of Incident:<br>Mobile "B" Wing / O02-009. Inside of wooden clothing rack | 7. Assignment:<br><br>Unassigned | | | 8. Unit:<br>Mobile |
| 9. Incident:<br>Possession of a hazardous tool (cell phone) | | 10. Prohibited Act Code(s)<br><br>108 | | |

11. Description of Incident (Date: _09/29/2020_    Time: _2:00 P.M._    Staff became aware of incident):

On September 29, 2020 at approximately 2:00 P.M, I conducted a search of inmate Dontrae Thomas reg. #14420-033 assigned cubicle 002-009. I located a black in color LG Tracfone cell phone (model: LM212VL, S/N # 004vtc2637341) inside of the wooden clothing rack. Inmate Thomas is the only inmate assigned to 002-009. Operations Lieutenant was notified.

| 12. Typed Name/Signature of Reporting Employee:<br>M. Copeland  M. Cop | 13.Date And Time:<br>09-29-2020/ 2:45 PM |
|---|---|

| 14. Incident Report Delivered to Above Inmate By (Type Name/Signature) | 15 .Date Incident Report Delivered:<br>9/29/20 | 16. Time Incident Report Delivered:<br>3:00 PM |
|---|---|---|

**Part II - Committee Action**

17. Comments of Inmate to Committee Regarding Above Incident:

Inmate Thomas states, "I don't know anything about it."

| 18. A. It is the finding of the committee that you: | B. ✓ | The Committee is referring the Charge(s) to the DHO for further Hearing. |
|---|---|---|
| ___ Committed the Prohibited Act as charged.<br>___ Did not Commit a Prohibited Act.<br>___ Committed Prohibited Act Code(s). ___ ___ | C. ✓ | The Committee advised the inmate of its finding and of the right to file an appeal within 20 calendar days. |

19. Committee Decision is Based on Specific Evidence as Follows:

Based on the strength of the description of incident Section 11 and the Photographic evidence, the Committee finds that you did commit the Prohibited Act as charged. This incident report is being referred to the DHO.

20. Committee action and/or recommendation if referred to DHO (Contingent upon DHO finding inmate committed prohibited act):

If found guilty, the Committee recommends loss good time, loss of phone for 30 days, and transfer.

21. Date and Time of Action: 10-5-20 12:04pm (The UDC Chairman's signature certifies who sat on the UDC and that the completed report accurately reflects the UDC proceedings).

| Chairman (Typed Name/Signature)<br>W. W | Member (Typed Name) | Member (Typed Name) |
|---|---|---|

INSTRUCTIONS: All items outside of heavy rule are for staff use only. Begin entries with the number 1 and work up. Entries not completed will be voided by staff.

Distribute: Original-Central File Record; COPY-1-DHO: COPY-2-Inmate after UDC Action; COPY 3-Inmate within 24 hours of Part I Preparation

¶ 2241 EXHIBIT A
§ 2241 EXHIBIT B



Exhibit C

**U.S. DEPARTMENT OF JUSTICE**                               **FEDERAL BUREAU PRISONS**

| | |
|---|---|
| Institution:  FPC Montgomery | Incident Report number: 3437470 |
| NAME OF INMATE: Thomas, Dontrae M | REG.NO.:14420-033     UNIT: Mobile |
| Date of Incident Report: 09-29-2020 | Offense Code: 108 |
| Date of Incident:09-29-2020 | |

Summary of Charges: Possession of a Hazardous Tool

**I.**    NOTICE OF CHARGE(S)

A. Advanced written notice of charge (copy of Incident Report) was given to inmate on (date) **9/29/2020** at (time) **3:00pm** (by staff member) **T. Nelson**

B. The DHO Hearing was held on (date) **11-04-2020** at (time) **2:05pm**

C. The inmate was advised of the rights before the DHO by (staff member):

**D. Taylor** on (date) **10-07-2020** and copy of the advisement of rights form is attached.

**II.**    STAFF REPRESENTATIVE

A. Inmate waived right to staff representative. Yes _____ No **X** .

B. Inmate requested staff representative and **D. Taylor** appeared.

C. Requested staff representative declined or could not appear but inmate was advised of option to postpone hearing to obtain another staff representative with the result that: **n/a**

D. Staff representative _____ **n/a** _____ was appointed.

E. Staff representative statement: No comment

**III.**    PRESENTATION OF EVIDENCE

A. Inmate ___ (admits) _X_ (denies) the charge(s).

B. Summary of inmate statement: Reported that a cell phone cannot be in the area the reporting officer claims to have found the phone. I don't have any clarity on the wooden clothing rack. I also requested evidence but it was denied but I have not knowledge of any cell phone or had any assess to any wooden board.

C. Witnesses:
1. The inmate requested witnesses. Yes_____ No **X**

2. The following persons were called as witness at this hearing and appeared: **n/a**

3. A summary of the testimony of each witness is attached **n/a** .

4. The following persons requested were not called for the reason(s) given: **n/a** .

5. Unavailable witnesses were requested to submit written statements and those statements received were considered **n/a** .

D. Documentary Evidence: In addition to the Incident Report and Investigation, the DHO considered the following documents: Statement of Reporting staff member, reported statement from accused inmate and medical photographs.

E. Confidential information was used by DHO in support of his findings, but was not revealed to the inmate. The confidential information was documented in a separate report. The confidential information has been (confidential informants have been) determined to be reliable because: _____ **n/a** .

**IV.**    FINDINGS OF THE DHO

___ A. The act was committed as charged.

**X** B. The following act was committed:

**199 most like 108** .

_____ C. No prohibited act was committed:

_____ D. Expunge according to Inmate Discipline PS.

Exhibit A
(Pg.1 of 2)

**1**

BP-A0304
AUG 11
**DISCIPLINE HEARING OFFICER REPORT**    CDFRM
**U.S. DEPARTMENT OF JUSTICE**    **FEDERAL BUREAU PRISONS**

| Name of Inmate: Thomas, Dontrae | Reg. No.: 14420-033 | Hearing Date: 11-4-2020 |
|---|---|---|

V.    SPECIFIC EVIDENCE RELIED ON TO SUPPORT FINDINGS (Physical evidence, observations, written documents, etc.):

The DHO finds you committed the prohibited act of Conduct that interferes or disrupts the orderly running of the Bureau of Prisons most like a higher severity Code: 199 most like (108) by your own report of your behaviors at the time of the incident and the creditability of the reporting officer's account of the events.

The DHO bases this finding on the reporting officer's report that on September 29, 2020, at approximately 2:00pm, a search of your inmate Thomas, Dontrae REG#14420-033 assigned cubicle 002-009. A black in color LG Tracfone cell phone (S/N#004vtc2637341) was found inside the wooden clothing rack inside your Thomas, Dontrae REG#14420-033 cubicle. The DHO is also considering the photographic evidence provided within the DHO packet, your staff rep statement and your provided statement during the DHO hearing.

You asked for a staff rep and case manager D. Taylor appeared. Case manager D. Taylor reported no comment.

You inmate Thomas, Dontrae REG#14420-033 denied and reported that a cell phone cannot be in the area the reporting officer claims to have found the phone. I don't have any clarity on the wooden clothing rack. I also requested evidence but it was denied but I have not knowledge of any cell phone or had any assess to any wooden board.

Based on the credibility of the reporting officer's statement and photographic evidence of the cellular device. The DHO finds you did commit the prohibited act of Conduct that interferes or disrupts the orderly running of the Bureau of Prisons most like a higher severity Code: 199 most like (108).

VI.    SANCTION(S) OR ACTION(S) IMPOSED:
Dis GCT: 41-days
NVGCT: 21-Days
LP Visit: 9-months
LP Phone: 9-months

VII.    REASON FOR EACH SANCTION OR ACTION TAKEN:
Loss of privileges was imposed due to your poor institution adjustment and behavior. This privilege is meant for those inmates who follow rules and regulations and do not present a management problem for staff or pose a threat to the security of the institution, self, or others. It is apparent, that by your conduct, you do not value these privileges.

These sanctions have been imposed to correct the present inappropriate behavior and deter future behavior of this type. The DHO hopes that the sanctions will motivate you towards more self-discipline in the future.

VIII.    APPEAL RIGHTS:    Yes    The inmate has been advised of the findings, specific evidence relied on, sanction(s)/action(s) and reasons for the action. The inmate has been advised of the right to appeal this action within 20 calendar days under the Administrative Remedy Procedure. A copy of this report has been given to the inmate.

IX.    Discipline Hearing Officer

| Printed Name C. McWilliams | Signature | Date 12/16/2020 |
|---|---|---|

Delivered to Inmate:    W. Staudemire/WM  12-18-20  11:00 am

Prescribed by P5270    Replaces BP-304(52) of JAN 88

Exhibit A
(Pg. 2 of 2)

2

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: __THOMAS, DONTRAE, M__ ___14420-033___ __MOBILE__ __FPC Montgomery__
     LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION

**Part A - REASON FOR APPEAL** I am appealing the DHO decision concerning my 11-04-20 DISCIPLINARY REPORT. Neither the UDC or the Substantially complied with the regulations on inmate discipline and for the following reasons, that noncompliance amounts to a violation of my right to due process:

1) The DHO refused to provide my staff representative with a copy of the investigation (sections 23 through 27 of the incident report) or any of the evidence that I requested. [Subpart 541.5(b)(2) 'The DHO MUST give a copy of the investigation and other relevant materials for use on your behalf'] (CONTINUED...)

__12/29/20__            _Dontrae M Thomas_
DATE                        SIGNATURE OF REQUESTER

**Part B - RESPONSE**

RECEIVED
JAN 11 2021
REGIONAL COUNSEL'S OFFICE-SERO
BUREAU OF PRISONS

_____           _____
DATE                              REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE           CASE NUMBER: ___106543-R1___

**Part C - RECEIPT**

                                       CASE NUMBER: _____

Return to: _____
           LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION

SUBJECT: _____

_____             _____
DATE                       SIGNATURE, RECIPIENT OF REGIONAL APPEAL

UPN LVN       PRINTED ON RECYCLED PAPER       § 2241 EXHIBIT C       BP-230(13) JUNE 2002

1 (continued).  Prior to the DHO hearing, I sent a letter to the DHO, the UDC, and my staff representative requesting that she be provided with a copy of the investigation and other relevant materials, such as photographs of my assigned cubicle that will show that the wooden coat rack where the reporting officer claims to have found the cell phone is actually located in a common area between the two corner cubicles which are unique because they share a single wooden coat rack.  This request was denied by the UDC who stated that he "doesn't care about any of that."

2.  The UDC chairman wrote that he "finds that I did commit the prohibited act," and referred the report to the DHO.  This comment was an attempt to influence the outcome of the DHO hearing and is prohibited by policy which mandates that all 100 and 200 series shots will automatically be referred to the DHO.  The UDC cannot opine that an inmate it guilty.

3.  The DHO found me guilty of a 199 most like a 108.  I was charged with a 108. Although the policy authorizes the DHO to amend the charge in all other instances, the language in the 198 and 199 codes expressly prohibit the DHO from amending charges to 199 most like (other charges).  "This charge is to be used ONLY when another charge of greatest severity is not accurate.  The offending conduct must be <u>CHARGED</u> as a 199 most like one of the greatest severity act."  Not <u>amended</u> to.

4.  The DHO based his decision on evidence that does not exist.  <u>DHO Report, Sec. III(d)</u> - The DHO states that he considered among other things "MEDICAL PHOTOGRAPHS." This statement is a fabrication of evidence.  There are no "medical photographs" and the incident report has nothing to do with the medical department.  <u>DHO Report, Sec. V</u> - The DHO states that he based his findings on "your own report of your behaviors at the time of the incident." This is nonsense.  I was not present at the time of the search.  I was not asked nor did I discuss or "report" anything about my "behaviors" at the time of the incident.  This statement is a "cut and paste" phrase from another DHO report.  It is used verbatim in nearly all of this DHO's findings whether an inmate remains silent or not and shows his blatant disregard for due diligence and due process.  He also based his findings on my "staff rep statement." Although prior to the hearing my staff rep requested, and was denied, a copy of the investigation and other evidence, during the hearing my staff rep did not make a statement.  The DHO even acknowledges this fact in his report (Sec. V, ¶ 3) which contradicts the previous paragraph.

5.  The DHO ignored the following policy violations: There was no incident report number on Part I of the incident report.  He claimed that it was later added after I received my copy (which also violates policy).  Part I, Sec. 14, and Part II, Sec. 21, of the incident report do not have legible (printed or typed) names of the investigator or the UDC chairman as required by policy.  He claims that these two violations were fixed after I received my copy of the report.  Policy does not authorize staff to go back and add text to the incident report after I receive a copy.  The BP-A0288 clearly says that "Entries not completed will be voided by staff." (bottom of page Instructions).

For the above reasons, this incident report should be voided and expunged from my file.

```
DONTRAE M THOMAS, 14420-033
COLEMAN LOW FCI     UNT: A-4    QTR: A15-098U
P.O. BOX 1021
COLEMAN,  FL 33521
```

Delivered to inmate
on 4/23/21

§ 2241 EXHIBIT D

Regional Administrative Remedy Appeal No. 1074825-R1
PART B - RESPONSE

This is in response to your Regional Administrative Remedy Appeal receipted March 22, 2021. You appeal the actions of the Discipline Hearing Officer (DHO) on November 04, 2020, finding you committed the prohibited act of Conduct Which Disrupts Most Like Possession of a Hazardous Tool, Code 199 ML108. As relief, you request the incident report be expunged.

Program Statement 5270.09, Inmate Discipline Program, provides the DHO shall consider all evidence presented during the hearing. The DHO's decision will be based on at least some facts and if there is conflicting evidence, on the greater weight of the evidence. The DHO considered your statement provided during the DHO proceedings. The DHO found you committed the prohibited act.

You allege you did not commit the prohibited act.   The DHO adequately explained to you the specific evidence relied on to find you committed the prohibited act.   The required disciplinary procedures were substantially followed, the evidence supports the DHO's finding, and the sanctions were appropriate for the offense.

Accordingly, your Regional Administrative Remedy Appeal is denied.   If dissatisfied with this response, you may appeal to the Office of General Counsel, Bureau of Prisons, 320 First Street, NW, Washington, D.C.   20534.   Your appeal must be received in the Office of General Counsel within 30 calendar days of the date of this response.

4/7/2021
Date

_____
Regional Director, SERO

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-229(13) and BP-230(13), including any attachments must be submitted with this appeal.

From: __Thomas, Dontrae M.__     __14420-033__     __A-4__     __FCI Coleman Low__

      LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION

**Part A - REASON FOR APPEAL**

This is a timely RESUBMISSION of the BP-11 pursuant to the Rejection Notice of June 4, 2021, which was provided by BOP staff on June 18, 2021 (see attached).

This APPEAL arises from the lower determination by the Southeast Regional Office. The basis for the regional decision in affirming the DHO decision was that "[t]he DHO's decision will be based on at least some facts," that "the DHO adequately explained [ ] the specific evidence relied on to find you committed the act," and that "the DHO considered your statement." The problem and crux of the Regional Office's failure to address the specific issues _actually_ raised in the BP-10 appeal to that office. As outlined in the BP-10 (copy attached) the DHO violated even the most basic of due process rights: failure to provide exculpatory documentary evidence, specific reference to documentary evidence the DHO did consider which had no bearing on the incident (i.e., "medical photographs"), and violation of BOP's own policies.

[SEE CONTINUATION PAGE]

ORIGINALLY    Resubmitted

__5/3/21__ - __6/20/21__            _Dontrae M Thomas_

      DATE                                SIGNATURE OF REQUESTER

**Part B - RESPONSE**

11-4-20

199

RECEIVED

JUL 08 2021

Administrative Remedy Section
Federal Bureau of Prisons

                              GENERAL COUNSEL

_____                                            

           DATE                                 CASE NUMBER: __1074825-A1__

ORIGINAL: RETURN TO INMATE

**Part C - RECEIPT**                                CASE NUMBER: _____

Return to: _____          _____      _____      _____

           LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.      UNIT      INSTITUTION

SUBJECT: _____

_____                                                     

          DATE                      SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

UPN LVN            PRINTED ON RECYCLED PAPER        § 2241 EXHIBIT E               BP-231(13)
                                                            JUNE 2002

Thomas, Dontrae M.       14420-033              BP-11 Continuation Pge

The Supreme Court has held that minimum due process protections in the context of prison disciplinary hearing includes, among other things, the opportunity to call witnesses and present documentary evidence.  <u>Wolff v. McDonnell</u>, 418 U.S. 539 (1974).  Moreover, the findings of the DHO must be supported "by some evidence in the record."  <u>Superintendent Massachusetts Correctional Institute, Walpole v. Hill</u>, 472 U.S. 445 (1985).

In this situation, the DHO violated the due process rights by not permitting me the ability to present documentary evidence that directly contradicted the version of events presented by the officer in the incident report (i.e., evidence as to the location the cell phone was actually found -- in my cell versus outside of the cell).  In contrast, the DHO relied upon "medical photographs," non-existent evidence since the medical department was not involved in this incident.  Compounding the DHO's error was the affirmation by the Regional Office <u>without mention</u> of the due process violations I raised.

Bear in mind that if the evidence I requested had been considered, it would be obvious that the DHO's determination was predicated upon the contraband being located in a common area rather than inside the cell.  The problem, though, is that all inmates in the unit had access to the coat rack at issue since it was not actually <u>in</u> the cell.  The DHO chose to ignore this specific fact and accept the incident report's contents that the coat rack was in the cell.  The documentary evidence I requested, however, would have proven this positioning false and, therefore, undermined the entire incident report.  This resulted in a due process violation equivalent to mis-suppression of evidence.

I request the Central Office reverse the Regional Office's decision since it failed to address the due process violations and relied solely upon the questionable evidence mentioned by the DHO.

FROM:

Dontrae Thomas
FCC Coleman Low
P.O. Box 1031
Coleman, FL. 335

TO:

U.S. District C
207 NW 2nd
Suite 337
Ocala, FL. 344

**UNITED STATES POSTAL SERVICE** ®

**PRIORITY MAIL** ®

SCREENED By USMS

...use.

f insurance (restrictions apply).

any international destinations.

tion form is required.

ng claims exclusions see the

ailability and limitations of coverage.

To schedule free Package Pickup,
scan the QR code.

*Retail*

**US POSTAGE PAID**

**$0.00**

Origin: 33521
11/22/21
1117550512-12

0 Lb 5.70 Oz

1006

**PRIORITY MAIL 2-DAY** ®

EXPECTED DELIVERY DAY: 11/26/21

C029

SHIP
TO:
207 NW 2ND ST
RM 337
OCALA FL 34475-6666

**USPS TRACKING® #**